IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMERICAN APPRAISAL ASSOCIATES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. CIV-05-220-L |
| AMERICAN APPRAISAL & REAL ESTATE SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

# **O R D E R**

On February 24, 2005, plaintiff filed this action asserting claims for trademark infringement, unfair competition, and trademark dilution.  This matter is before the court on plaintiff's motion for summary judgment.  Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment.  In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982).  Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added).  See also, Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts[1] establish that plaintiff has been in business, using its current name, for 108 years. Plaintiff registered trademark number 1,460,311[2] with the United States Patent and Trademark Office ("USPTO") on October 6, 1987. On April 21, 1981, plaintiff registered trademark number 1,151,920 with the USPTO and renewed it on April 21, 2001. Plaintiff's registered marks constitute prima facie evidence of the validity of the marks and plaintiff's ownership thereof. Plaintiff has used its trademarks extensively in connection with the advertisement, promotion, and sale of its appraisal services. As a result of its use of the service marks,

---

[1] Defendant did not respond to the motion for summary judgment; therefore, pursuant to LCvR 56.1(c), the material facts set forth in plaintiff's motion are deemed admitted. Moreover, defendant did not respond to plaintiff's Requests to Admit. Therefore, pursuant to Fed. R. Civ. P. 36, all matters in plaintiff's Requests to Admit are deemed admitted by defendant and are "conclusively established" for purposes of this litigation.

[2] Plaintiff registered, in part, the words "American Appraisal Associates".

plaintiff's marks have achieved tremendous fame and distinctiveness and are widely known and recognized for a variety of services offered by plaintiff. Plaintiff operates a website, www.american-appraisal.com, where it advertises its products and displays information about the company.

Defendant, a direct competitor of plaintiff, uses the name "American Appraisal and Real Estate Services, Inc." in connection with its appraisal services. Plaintiff has not authorized defendant's use of the name "American Appraisal". Consumers who perform Internet searches for plaintiff's site may be directed to defendant. Customers and potential customers are likely to be confused into believing that defendant's services are authorized by plaintiff or that defendant is affiliated with plaintiff. Prior to filing suit, plaintiff contacted defendant on several occasions and requested that it cease using "American Appraisal" in its business and on the Internet. Defendant did not comply with plaintiff's requests.

To establish its claims, plaintiff must demonstrate that defendant used marks similar to plaintiff's and that such use is likely to cause confusion. *See* Team Tires Plus, Ltd. v. Tires Plus, Inc., 394 F.3d 831, 832-33 (10th Cir. 2005); Donchez v. Coors Brewing Co., 392 F.3d 1211, 1215 (10th Cir. 2004). Due to its failure to deny plaintiff's requests for admission, defendant has admitted the facts necessary for plaintiff to demonstrate that entry of judgment in its favor is warranted. Plaintiff, however, has presented no evidence that would entitle it to an award of damages. *See* Caesars World, Inc. v. Venus Lounge, Inc., 520 F.2d 269, 274 (3d Cir. 1975) ("If

the record . . . contains no evidence of actual damage or actual profit in dollars and cents no monetary award may be made . . . and the trademark owner must be content with injunctive relief."). Likewise, the court finds plaintiff has not demonstrated that this is an "exceptional case" warranting an award of attorney's fees pursuant to 15 U.S.C. § 1117(a). *See* National Assoc. of Professional Baseball Leagues, Inc. v. Very Minor Leagues, Inc., 223 F.3d 1143, 1148-49 (10th Cir. 2000). Plaintiff is, however, entitled to its costs, provided it files a bill of costs in accordance with the court's Local Civil Rules.

In sum, plaintiff's Motion for Summary Judgment (Doc. No. 22) is GRANTED. In light of this ruling, plaintiff's Alternative Motion for Default Judgment (Doc. No. 22) is DENIED. Plaintiff shall submit a proposed permanent injunction to the court no later than **November 7, 2005**; thereafter, the court will enter judgment.

It is so ordered this 28th day of October, 2005.

/s/ Tim Leonard
_____
TIM LEONARD
United States District Judge